## 7110

### RENTZ v. SOUTHERN RY.

DEMURRER—MOTION TO MAKE DEFINITE—PLEADINGS.—A complaint alleging damage to plaintiff's lands by shutting up in part the outlet of a pond which does not allege whether the pond is created by accumulations of surface water, or by flowing streams, is indefinite, but defendant's remedy is motion to make more definite and not demurrer.

Before PRINCE, J., Bamberg, March, 1908. Affirmed.

Action by C. W. Rentz against Southern Railway Company. From order overruling demurrer, defendant appeals.

*Mr. J. F. Carter,* for appellant, cites: *Obstruction of natural water course is actionable; of surface water is not:* 39 S. C., 472; 54 S. C., 242; 61 S. C., 550; 61 S. C., 554; 62 S. C., 18. *There being no allegation of plaintiff's right to use the "ditch" as an outlet, presumption·is the water*

*ponded was surface water:* 61 S. C., ·555.   *Demurrer is proper remedy:* Code of Proc., 181; 21 S. C., 434; 12 S. C., 1; 54 S. C., 492; 59 S. C., 22; 18 S. C., 305; 54 S. C., 98; 58 S. C., 448.

*Mr. H. M. Graham,* contra, cites: *The complaint states a good cause of action:* 61 S. C., 550.

March 1, 1909.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an appeal from an order overruling a demurrer to the complaint.

The first, second, third and fourth paragraphs of the complaint are as follows:

"That at the times hereinafter mentioned the defendant was, and still is, a corporation duly created according to law, and capable of suing and being sued.

"That at the said times the plaintiff was, and still is, the owner in fee and lawfully possessed of a certain tract of land in the county and State aforesaid, on the north side of defendant's right of way, and one-half mile east of the town of Bamberg.

"That there is upon said tract of land a certain pond of water, which for many years had been accustomed to flow through a certain ditch, and discharge its waters through a culvert, erected by the defendant beyond the limits of the plaintiff's land.

"That about five years ago the defendant took out the culvert from its embankment standing upon its right of way, and in place thereof ran a pipe through the said embankment, which was utterly incapable of carrying off the water flowing from said pond, and was so small that it caused much of said water to be backed upon the said land of the plaintiff, overflowing the same, and causing great damage to the plaintiff's said land, his grass, corn and other crops growing thereupon, and continued to maintain said pipe in

said condition until about one year ago, when it took out said pipe, and put in another of larger capacity, but which, through the negligence and carelessness of the defendant, was placed so high that the water could not flow through it, except when it reached a great depth, and after it had been by reason of defendant's embankment forced back upon plaintiff's land, and seriously damaging the same, and his crops growing thereon."

The other paragraphs merely set forth the damages alleged to have been sustained by the plaintiff.

The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, "in that it does not allege that the waters obstructed and made to overflow the plaintiff's land are the waters of a natural water course, and the act of cutting off the flow of surface water is not actionable."

His Honor, the presiding Judge, overruled the demurrer and assigned the following reason for his order:

"I think the complaint should have been more definite and certain in its allegations, as to the nature of the pond in question, and the character of the water which it is alleged was accustomed to flow therefrom, and that defendant's proper course was a motion to make the complaint more definite and certain."

The demurrer of the defendant assumed that the pond was created by the accumulation of surface water.

Ponds are created, not only by the accumulation of surface water, but by springs in the pond, and by small streams emptying into it, which have a continuous flow.

The complaint leaves in doubt the manner in which the pond was formed.

His Honor, the presiding Judge, therefore, was right in overruling the demurrer, and in ruling that the proper remedy of the defendant was to have made a motion to make the complaint definite and certain.

It is the judgment of this Court that the order of the Circuit Court be affirmed.

THE CHIEF JUSTICE *did not sit in this case.*